PERRY et al., Appellants,

v.

BOSTELMAN, Appellee.

[Cite as *Perry v. Bostelman,* 183 Ohio App.3d 281, 2009-Ohio-3497.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–08–059.

Decided July 17, 2009.

282

Russell R. Miller, Brian C. Kalas, Erik G. Chappell, and Jonathan M. Hanna, for appellants.

Marshall D. Wisniewski, for appellee.

OSOWIK, Judge.

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that denied appellants' motion for summary judgment on their complaint seeking declaratory judgment as to the validity of a writing regarding the handling of an account established for the care and support of the parties' ailing mother. For the reasons that follow, the judgment of the trial court is affirmed in part and reversed in part.

{¶ 2} The undisputed facts relevant to the issues raised on appeal are as follows. On August 14, 2000, Lucille Lee executed a power of attorney appointing her children Wilma Bostelman, Ronnie Perry, and Jimmie Perry as her attorneys-in-fact. On March 15, 2001, Lee signed a letter drafted by Jimmie and addressed to Jimmie, Ronnie, and Wilma. The letter indicated that Lee had established in their names a Vanguard money market account in the approximate amount of $216,000. According to the letter, the account was intended to earn a higher rate of interest for Lee's money and to reduce the amount of future taxes,

probate fees, and attorney fees she would pay. The letter also specified that the account would be used to provide for Lee during the remainder of her lifetime if necessary and that her sons and daughter would be equal residual beneficiaries of any funds remaining at the time of Lee's death.

{¶ 3} On May 23, 2007, appellants Jimmie and Ronnie, on behalf of Lucille Lee, filed a complaint seeking declaratory judgment and an accounting in the Wood County Court of Common Pleas. Jimmie and Ronnie sought to establish that Wilma had withdrawn account funds for her own personal use and that Wilma refused to provide statements of the account and remit the funds to Jimmie as Lee's attorney-in-fact. The complaint alleged that the funds originally placed in the account were needed for Lee's care and should be returned to Jimmie. Specifically, Jimmie and Ronnie sought a declaratory judgment that Lee had rights in the Vanguard account; that the funds in the account be transferred to Jimmie in an account to be held by him in his exclusive control for Lee's benefit; that Wilma relinquish all rights in the account, retaining only those rights to any funds remaining upon Lee's death, and that the conditional gift given to Jimmie, Ronnie, and Wilma failed pursuant to its terms.

{¶ 4} Wilma filed an answer and a counterclaim for declaratory judgment alleging that the March 15, 2001 letter was void because it was the product of fraud and undue influence. She sought a declaration that the writing attached to the complaint was void because Lee was not competent at the time she signed it; that she was an attorney-in-fact for Lee pursuant to a valid power of attorney executed on August 14, 2000; that Lee's last will and testament of June 11, 1992, was the only valid will, and so a constructive trust must be imposed upon the money in the account.

{¶ 5} In May 2007, the parties filed cross-motions for summary judgment as to all claims in their complaints. This case was stayed, however, after Wilma initiated proceedings in probate court asking to be appointed Lee's guardian. Jimmie filed a similar application. After a hearing held April 7, 2008, the probate court determined that Lee was incompetent and, upon stipulation of the parties, named a third party, Dawn Sanderson, an attorney, as guardian of Lee's estate. The probate court also ordered Wilma to transfer "certain funds" in her possession—totaling approximately $135,000—to the guardian of the estate and ordered Ronnie to do the same with funds of approximately $25,000 in his possession. The guardian subsequently revoked all powers of attorney previously executed by Lee. The stay was lifted on March 24, 2008, and this matter proceeded in the trial court as set forth below. By stipulation of the parties, Sanderson was joined as a party-plaintiff in this case.

{¶ 6} Upon consideration of the evidence, the trial court concluded that Ronnie and Jimmie (hereafter "appellants") could not establish any of the elements

necessary to obtain a declaratory judgment. The trial court found that Lee's March 15, 2001 letter, upon which appellants relied in support of their case, could not be the basis for a declaratory-judgment action because it was not a "deed, will, written contract, or other writing constituting a contract" as set forth in R.C. 2721.03. The trial court further found that even if the writing was a proper basis for a declaratory-judgment action, appellants' case had become moot because Sanderson had revoked all prior powers of attorney made by Lee; therefore, appellants no longer represented Lee's interests and lacked standing to pursue the action for declaratory judgment and accounting. The trial court found Ronnie and Jimmie's motion without merit and Wilma's motion well taken. Lee died August 30, 2008, approximately two weeks after the trial court issued its order on summary judgment.

{¶ 7} Appellants set forth the following assignments of error:

{¶ 8} "First Assignment of Error:

{¶ 9} "The trial court erred when it denied appellants' motion for summary judgment and granted summary judgment for appellee on appellants' claim for declaratory judgment.

{¶ 10} "Second Assignment of Error:

{¶ 11} "The trial court erred when it denied appellants' motion for summary judgment and granted summary judgment for appellee on appellants' claim for an accounting.

{¶ 12} "Third Assignment of Error:

{¶ 13} "The trial court erred in its determination that Lucille Lee's death renders moot the entire action below."

{¶ 14} Our review of summary-judgment determinations is conducted on a de novo basis, applying the same standard used by the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198; *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment will be granted when there remains no genuine issue of material fact and, considering the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 15} We will first address appellants' third assignment of error, in which they assert that the trial court erred by determining that Lee's death rendered the entire matter moot. The trial court had found that the guardian appointed in the probate action revoked all prior powers of attorney made by Lee, leaving Jimmie and Ronnie without standing to pursue the action for declaratory judgment and accounting. Shortly after appellants filed their notice of appeal,

but before they filed their brief in this court, appellee, Wilma, filed a motion to dismiss the appeal, arguing in this court that Lee's death did in fact render declaratory judgment moot. Appellants opposed dismissal. In a decision released December 15, 2008, this court found that Lee's death did not render the appeal moot, because the writing on which the declaratory action was based was executed before Lee was determined to be incompetent, and that this court therefore had authority to determine the appeal on its merits. Based on our prior determination as to appellee's motion to dismiss, we find appellants' third assignment of error well taken and now consider the merits of appellants' first and second assignments of error.

{¶ 16} In their first assignment of error, appellants argue that the trial court erred in granting summary judgment for appellee because the letter regarding the intended use of Lee's funds was in fact a proper subject for declaratory judgment.

{¶ 17} The complaint in dispute herein was brought pursuant to R.C. 2721.02 and was based on Lee's March 2001 letter. The trial court concluded that the writing was simply a letter and did not create an enforceable contract that would be subject to a declaration of rights pursuant to R.C. 2721.02.

{¶ 18} With regard to declaratory-judgment actions, R.C. 2721.03 states that "any person interested *under a deed, will, written contract, or other writing constituting a contract* or any person whose rights, status, or other legal relations are affected by a * * * contract, * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status, or other legal relations under it." (Emphasis added.)

{¶ 19} The letter written by Lee created no legally enforceable duties and was not a contract. It did not create a trust or creditor/debtor relationship and was not a will or codicil. It is simply a letter. In the letter, addressed to Wilma, Ronnie, and Jimmie, Lee stated, "This letter's purpose is to give you instructions concerning the Vanguard account that I have established in your names * * *." The letter further stated, "If this money is not needed for my care and welfare during my life time, then you are instructed to do the following: A. Close the account within 30 days of my death and distribute the funds equally among my three surviving children." Lee emphasized that the funds "should be divided only among Wilma, Ronnie and Jimmie." Below Lee's signature on the letter is the following language:

{¶ 20} "CONFIDENTIALITY AGREEMENT:

{¶ 21} "Each of the parties that sign below agrees that they will not divulge the existence of this fund or this letter nor discuss the subject with anyone not listed as an addressee."

{¶ 22} Wilma, Ronnie, and Jimmie each signed below the confidentiality provision.

{¶ 23} Letters are not included in the categories of documents subject to declaratory judgment pursuant to R.C. 2721.03 as set forth above. The fact that the parties' signatures are on the letter, below Lee's signature, does not make the letter itself an agreement; in this case, their signatures merely indicated their agreement that the contents of the letter would remain confidential. Based on the foregoing, the letter written by Lee cannot be the basis for a declaratory-judgment action. Accordingly, appellants' first assignment of error is not well taken.

{¶ 24} In their second assignment of error, appellants assert that the trial court erred by finding that because the guardian appointed for Lee's estate had revoked the siblings' powers of attorney as established by Lee, appellants no longer represented Lee's interest and lacked standing to pursue the action for an accounting. Appellants argue that an accounting is still necessary to determine whether the money Wilma returned to the account fully reimbursed it for any earnings and growth on the original withdrawals during the time she had control over the funds. The record reflects, however, that all parties agreed to the establishment of the guardianship and agreed to surrender Lee's assets to the guardian. As of that date in 2007, by their own stipulation, the siblings no longer had power of attorney for Lee or any control over the account. The account belonged to Lee, with Sanderson as the guardian of her estate. Further, at the time of the trial court's decision, Lee was still alive. The account was still being used for her care and it was therefore possible that the funds might eventually be depleted, leaving nothing to be allocated to the siblings. Finally, the record reflects that the guardian indicated she would file an accounting in probate court. Accordingly, we find that the trial court did not err by determining that appellants lacked standing to pursue the action for an accounting. Appellants' second assignment of error is not well taken.

{¶ 25} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed as to its decisions on summary judgment and reversed as to its finding that Lucille Lee's death rendered the action moot in the trial court. The parties are ordered to pay the costs of this appeal equally pursuant to App.R. 24.

Judgment affirmed in part
and reversed in part.

HANDWORK and SINGER, JJ., concur.